Darren J. Bogié, Esq., CA Bar No.: 183773
(Pro Hac Vice Motion Pending)
DARLING & WILSON, PC
1626- 19th Street, Ste 23
PO Box 2411
Bakersfield CA 93303
Telephone: (661) 325-5075
Email: dbogie@dwlawfirm.com
Type text here
Attorneys for Petitioner/Movant GONGYI LIN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GONGYI LIN,<br><br>    Petitioner/Movant,<br><br>v.<br><br>INTERACTIVE BROKERS LLC,<br><br>    Respondent. | Case No.    3:26-cv-00095 |

## PETITION AND MOTION TO VACATE ARBITRATION AWARD

PETITIONER AND MOVANT GONGYI LIN by and through his attorneys,

Darling & Wilson, PC, for his Petition and Motion to Vacate Arbitration Award, alleges as

follows:

Page 1    **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

<h1 style="text-align:center">PRELIMINARY STATEMENT</h1>

1.      Gongyi Lin is simply a customer trying to retrieve his cash funds on deposit with a brokerage firm. However as of now he has faced incredible resistance resulting in this petition. This is a petition and motion to vacate the arbitration award issued by FINRA against Gongyi Lin ("Mr. Lin") who was a customer of respondent Interactive Brokers LLC.("Interactive") Mr. Lin was a retail customer of Interactive and had an account with approximately $2.5 Million U.S. Dollars. This account was frozen by Interactive. In response to Interactive's refusal to release his funds, Mr. Lin filed for statement of claim for an arbitration before FINRA. Interactive filed a Counter-claim for Federal Securities Fraud (section 10(b); 15 U.S.C. § 78j(b) and Rule 15b-5) alleging that they were damaged by Mr. Lin's participation in a conspiracy to manipulate the share price of Yangtze River Port & Logistics Ltd. ("YRIV") However Interactive even admitted in its Counter-claim that Mr. Lin never traded in YRIV stock and that Mr. Lin's account never incurred any deficit that caused a loss to Interactive. Prior to the arbitration hearing the panel struck Mr. Lin's claims and hearing was held just upon Interactive's Counter-Claims. After arbitration hearing the panel awarded that Mr. Lin pay Interactive the sum of $2,835,590.35 in compensatory damages.

2.      As fully discussed below the actions by the arbitrators constituted misconduct and exceeded their powers as such Petitioner seeks an order from this Court

Page 2   **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

under the Federal Arbitration Act, 9 U.S.C. § 10, vacating the arbitration award dated December 1 and served December 2 rendered in an arbitration before The Financial Industry Regulatory Authority Office of Dispute Resolution.

## PARTIES

3. Petitioner Gongyi Lin ("Mr. Lin") is a citizen of the People's Republic of China and he was a customer of Respondent Interactive. Outside of his contract as an account holder with Interactive Brokers LLC, Mr. Lin does not have any license or employment that would generally subject him to the authority of The Financial Industry Regulatory Authority.

4. On information and belief, Respondent Interactive Brokers LLC is a limited liability company organized under the laws of Connecticut, and its membership is held through IBG LLC; on information and belief, the members of IBG LLC include Interactive Brokers Group, Inc. (a Delaware corporation with its principal place of business in Connecticut) and additional members consisting of employees and affiliates, none of whom is believed to be a citizen of the People's Republic of China.

## JURSDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 203, in that the arbitration award is not entirely between citizens of the United States.

Page 3 **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

6. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action between citizens of Connecticut and a citizen of People's Republic Of China and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 9 U.S.C. § 10(a) and 9 U.S.C. § 11 because the award was made in Anchorage, Alaska located in the District of Alaska.

## FACTS

8. Attached hereto as Exhibit "A" is a true and correct copy of Mr. Lin's account holder agreement with Interactive which in paragraph 33 provided for an arbitration agreement between the parties.

9. As provided in the agreement the arbitration under the contract was limited as follows:

> any controversy, dispute, claim, or grievance between IB, any IB affiliate or any of their shareholders, officers, directors employees, associates, or agents, on the one hand, and Customer or, if applicable, Customer's shareholders, officers, directors employees, associates, or agents on the other hand, arising out of, or relating to, this Agreement, or any account(s) established hereunder in which securities may be traded; any transactions therein; any transactions between IB and Customer; any provision of the Customer Agreement or any other agreement between IB and Customer; or any breach of such transactions or agreements, shall be resolved by arbitration
>
> (Exhibit "A" paragraph 33-B on pages 14-15)

Page 4   **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

10.     The customer agreement between the parties also had the following limitation regarding Interactive's rights to use customer funds to cure damages from a customer's "Default" under the agreement, as follows:

16. Event of Default: A "Default" occurs automatically, without notice upon: (i) Customer breach/repudiation of any agreement with IB; (ii) Customer failure to provide assurance satisfactory to IB of performance of an obligation, after request from IB in IB's sole discretion; (iii) proceedings by/against Customer under any bankruptcy, insolvency, or similar law; (iv) assignment for the benefit of Customer's creditors; (v) appointment of a receiver, trustee, liquidator or similar officer for Customer or Customer property; (vi) Customer representations being untrue or misleading when made or later becoming untrue; (vii) legal incompetence of Customer; (viii) proceeding to suspend Customer's business or license by any regulator or organization (ix) IB having reason to believe that any of the foregoing is likely to occur imminently.

Customer unconditionally agrees that, upon a Default, IB may terminate any or all IB's obligations to Customer and IB shall have the right in its discretion, but not the obligation, without prior notice, to liquidate all or any part of Customer's positions in any IB account, individual or joint, at any time and any manner and through any market or dealer. Customer shall reimburse and hold IB harmless for all actions, omissions, costs, fees (including, but not limited to, attorney's fees), or liabilities associated with any Customer Default or any transaction undertaken by IB upon Default.

17. Suspicious Activity: If IB in its sole discretion believes that a Customer account has been involved in any fraud or crime or violation of laws or regulations, or has been accessed unlawfully, or is otherwise involved in any suspicious activity (whether victim or perpetrator or otherwise), IB may suspend or freeze the account or

any privileges of the account, may freeze or liquidate funds or assets, or may utilize any of the remedies in this Agreement for a "Default".
(Exhibit "A" paragraphs 16-17 on page 7)

11. On or about November 13, 2023 Mr. Lin filed his Statement of Claim with The Financial Industry Regulatory Authority Office of Dispute Resolution (FINRA) in order to obtain the release of the funds in his account that had been frozen by Interactive. A true and correct copy of Mr. Lin's petition is attached hereto as Exhibit "B".

12. On or about January 4, 2024 Interactive filed its Answer and Counterclaim alleging that Mr. Lin committed common law and securities fraud against Interactive for participating in an alleged fraud scheme involving two Chinese-based companies Yangtze River Port & Logistics Ltd. ("YRIV") and Hebron Technology, Co Ltd ("HEBT") a true and correct copy of Interactive's Response and Counterclaim is attached hereto as Exhibit "C". Interactive alleges that it suffered damages when a fraudulent scheme to manipulate the price of YRIV stock allowed for third parties to obtain margin loans from Interactive using the fraudulently-inflated value of YRIV as collateral and then in December 2018, the stock price of YRIV began to crash causing the value of the third-party deficit accounts to plummet resulting in massive deficits exceeding $26 million with this loss borne by Interactive ( See Exhibit "C" pages 1-2).

13. Interactive's Counterclaims contained several judicial admissions that proved Interactive did not claim against Mr. Lin which could be arbitrated under the

agreement.  Paragraph 16 of the Interactive customer agreement provides that upon a "Default" the customer shall reimburse and hold IB harmless for all actions, omissions, costs, fees (including, but not limited to, attorney's fees), or liabilities associated with any Customer Default or any transaction undertaken by IB upon Default (Exhibit "A" paragraph 16).  However Interactive specifically alleges in its Counterclaim that "**Claimant's account did not incur a margin deficit and did not trade YRIV**" (Exhibit "C" page 2).  In fact Interactive did not allege any trade or action in Mr. Lin's account that caused a loss or expense to Interactive.  (See Exhibit "C" generally)

14.     On or about February 6, 2024 Mr. Lin submitted his  Answer to Inactive's Counterclaims. A true and correct copy of Mr. Lin's Answer to Counterclaim is attached hereto as Exhibit "D"

15.     After allegations by Interactive regarding Mr. Lin's discovery violations the arbitrators dismissed Mr. Lin's Claims on August 19, 2025 and the hearing proceeded only on Interactive's Counterclaims.

16.     The Arbitration hearing commenced from November 17, 2025 through November 20, 2025.  During the hearing Interactive did not provide any evidence of a loss caused by any trade in Mr. Lin's account; this was consistent with the judicial admissions in Interactive's Counterclaim.

17. On December 2, 2025 the Panel issued and served their Decision in which they awarded Interactive the sum of $2,835,590.00 totaling the present funds in Mr. Lin's account. A true and correct copy of the Panel's Award is attached hereto as Exhibit "E". As fully discussed below this award should be vacated under 9 U.S.C. § 10 on the grounds that the award constituted misconduct in the disregard of judicial admissions by Interactive and evidence material to the case and constituted arbitrator misconduct in that the award for damages caused by third party trades outside of Mr. Lin's account exceeded their powers under the applicable arbitration agreement between the parties.

18. Pursuant to 9 U.S.C. § 12, Petitioner has brought this action within three months after the Award was delivered on December 2, 2025. Although the three month period would normally require a filing on March 1, 2026; however as March 1, 2026 was a Saturday the notice is to be served and action brought on March 2, 2026. (*Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018); Fed. R. Civ. P. 6)

19. The Award should be vacated under 9 U.S.C. § 10 because as fully discussed below the panel violated Section 10(a)(3) (committing arbitrator misconduct) and Section 10(a)(4) (exceeding powers) by:

a. Refusing to accept the judicial admissions by Interactive that Mr. Lin's account did not incur any deficit or loss to Interactive;

Page 8 **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

b.  Awarding damages against Mr. Lin when Interactive did not produce any evidence at hearing of any trade or account activity by Mr. Lin that caused a loss; and

c. Striking Mr. Lin's Claim.

20.  The Award should also be vacated under 9 U.S.C. § 10(a)(4) when the arbitrators exceeded their authority under the contract by awarding damages to Interactive based upon losses that did not occur by trades in Mr. Lin's account.

## COUNT ONE
### (Vacatur of Arbitration Award under the Federal Arbitration Act)

21.  Petitioner repeats and realleges paragraphs 1 through 20 hereof, as if fully set forth within.

**The Legal Standard.**

22.  Judicial review of arbitration awards under the FAA is limited. A district court may vacate an award only on the grounds authorized by 9 U.S.C. section 10(a). Under Section 10(a)(3) of the FAA, an arbitrator's refusal to hear evidence must demonstrate bad faith or be so gross as to amount to affirmative misconduct.  (*Immersion Corp. v. Sony Computer Ent. Am. LLC*, 188 F. Supp. 3d 960, 974 (N.D. Cal. 2016).) Section 10(a)(4) allows a court to vacate an arbitration decision if the arbitrators exceeded their powers and Arbitrators exceed their powers when the award is completely

irrational, or exhibits a manifest disregard of law. (*U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010).)

23. An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement and an arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions. (*Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019).)

24. In this case the award was completely irrational in that the agreement providing the jurisdiction for this arbitration was for only one account; Mr. Lin's account. Per the terms of the account agreement any arbitration was to be limited to disputes pertaining to the activity in Mr. Lin's account (See Exhibit "A" paragraph 33). In this case Interactive admitted in its Cross-complaint that Mr. Lin's account did not incur a deficit. Additionally at hearing Interactive could not produce any evidence showing any loss resulting from Mr. Lin's account. Therefore the arbitrators based their award on the evidence of losses cause by third-party accounts trading in YRIV stock a stock that even Interactive agreed Mr. Lin did not trade in. Disregarding Interactive's judicial admission and awarding damages based on trades in accounts that were not a party to the proceeding was a violation of both Section 10(a)(3) and Section (a)(4).

Page 10 **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

25. Basing an award on the activities in third party accounts exceeded the Arbitrators' authority.

26. By reason of the foregoing, the court should issue an order vacating the arbitration award annexed hereto as Exhibit E by The Financial Industry Regulatory Authority Office of Dispute Resolution dated December 2, 2025 and direct a rehearing or in the alternative order a further briefing schedule regarding this motion

**PRAYER FOR RELIEF**

WHEREFORE Petitioner GONGYI LIN respectfully requests that this Honorable Court:

a. Issue an order pursuant to 9 U.S.C. § 10 vacating the arbitration awarded annexed hereto as Exhibit "E" by The Financial Industry Regulatory Authority Office of Dispute Resolution dated December 2, 2025.

b. Such other relief as this Honorable Court finds just and proper.

DARTED: March 1, 2026

Respectfully Submitted,
DARREN J. BOGIÉ, ESQ
DARLING & WILSON, PC
Attorney for Gongyi Lin Petitioner/Movant

By: /s/_____
Darren J. Bogié CA Bar No 183773
(Pro Hac Vice Motion Submitted Herewith & Pending )

Page 11 **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I certify that on March 2, 2026, I electronically filed the foregoing Motion to Vacate

Arbitration Award with the Clerk of Court for the United States District Court for the

District of Alaska by using the CM/ECF system, which will send notice of electronic

filing to all counsel of record registered to receive CM/ECF notice.

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I am employed in the County of Kern, State of California. I am over the age of 18 years and not a party to this action. My business address is **Darling & Wilson, PC, 1626 19th Street, Suite 23, Bakersfield, California 93301**.

On March 1, 2026, I served the foregoing document(s) described as:

**PETITION AND MOTION TO VACATE ARBITRATION AWARD** on the

interestedparty(ies) in this action as follows:

Daniel A. Spector
Associate General Counsel
Interactive Brokers LLC
2200 Pennsylvania Avenue, NW
Suite 280E
Washington, DC 20037
Phone: (202) 416-2962
Fax: (312) 542-7391
E-mail: dspector@interactivebrokers.com

☒ **BY ELECTRONIC MAIL (Fed. R. Civ. P. 5(b)(2)(E))**: Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), and based on the recipient's written consent to accept service by electronic means, I caused a true and correct copy of the above-referenced

Page 17    **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No

document(s) to be transmitted by electronic mail from [sender email address] to the email address listed above. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on_____March 1,_____, 2026, at Bakersfield, California.

By: /s/_____

Darren J. Bogie, (Pro Hac Vice)

Page 18   **PETITION & MOTION TO VACATE ARBITRATION AWARD**
Case No